**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:99cr52-14**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| JESUS JOEL LOACES. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction of Sentence in Light of the November First 2010 Amendments to the U.S.S.G." [Doc. 507].

On August 25, 1999, the Defendant pled guilty to one count of conspiring with others to possess with intent to distribute and to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On March 29, 2000, the Defendant was sentenced to 151 months of imprisonment and five years of supervised release. [Judgment, Doc. 247]. The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of that sentence consistent with recent amendments to the United States Sentencing Guidelines. Specifically, the Defendant seeks application of (1) an amendment to Part H of Chapter 5 of the Guidelines,

which amends policy statements in Part H to clarify that certain personal characteristics, such as age, mental and emotional condition, physical condition, and past military service, may be considered in determining whether a downward departure is warranted, see U.S.S.G. Ch. 5, Pt. H, App. C, amend. 739 and (2) an amendment to U.S.S.G. § 2L1.2, which adds an application note providing that a downward departure may be warranted in illegal re-entry cases on the grounds of cultural assimilation, see U.S.S.G. § 2L1.2 & App. C, amend. 740.

As relevant to the pending motion, 18 U.S.C. § 3582 provides that the Court may modify a defendant's sentence if the defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the Guidelines sets forth the Sentencing Commission's policy statement with respect to reductions in sentence based on subsequent amendments and specifically identifies those amendments that courts may apply retroactively pursuant to § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(A). Neither of the amendments cited by the

Defendant is listed in subsection (c).  As such, any retroactive application of these amendments to the Defendant's sentence would be inconsistent with the stated policy of the Sentencing Commission.

Even if these amendments could be applied retroactively, neither has the effect of lowering the Guidelines range applicable to the Defendant. Amendment 739 simply amends policy statements regarding a court's ability to grant a downward *departure* based on certain personal characteristics and does not actually lower the applicable Guidelines range. Similarly, Amendment 740 authorizes a downward *departure* based upon a defendant's cultural assimilation; the applicable Guidelines range remains unaffected.  In any event, Amendment 740 would not be applicable to the Defendant, as it applies only to illegal re-entry cases, and the Defendant was convicted of conspiracy to possess and distribute methamphetamine. For these reasons, the Defendant's motion must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence in Light of the November First 2010 Amendments to the U.S.S.G." [Doc. 507] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 23, 2011

Martin Reidinger
United States District Judge